UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

BELARDO FLAMBERT,

    Plaintiff,

vs.

AMAZON.COM SERVICES, LLC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, BELARDO FLAMBERT ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, AMAZON.COM SERVICES, LLC ("Defendant"), and alleges as follows:

1)    Here is an action for declaratory and injunctive relief and damages pursuant to 42 U.S.C. §1981 ("§ 1981"), to redress injuries resulting from Defendant's unlawful race-based discriminatory treatment of Plaintiff.

2)    At all times material hereto, Plaintiff was a resident of Miami Dade County, Florida.

3)    Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4)    Venue is proper in Miami Dade County because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5) Plaintiff began working for the Defendant on August 16, 2020, as a Fulfillment Associate.

6) Plaintiff is a black Haitian man.

7) From the very start, Plaintiff was an above average employee, never receiving any write ups or complaints with his work.

8) Four years later, particularly on January 9, 2024, I was approached by a representative from Safety Guidelines Department ("SGD").

9) The SGD Rep told Plaintiff that he had violated company safety policies.

10) Plaintiff was informed that stepping on top of boxes to squish and crush them down to size was not the appropriate policy.

11) Plaintiff was told that he was not to continue this course of conduct.

12) Plaintiff acknowledged that and complied.

13) Plaintiff asked SGD Rep if the other associates were also going to be informed about the policy.

14) Plaintiff told the SGD Rep that his co-workers all squished and crushed boxes in the same manner as Plaintiff.

15) Plaintiff questioned why the others were not reprimanded but was not given a response.

16) Those co-workers included:

   a. Mr. Black ("First Name Unknown" or FNU)(white)

   b. Mr. Enrique ("Last Name Unknown" or LNU)

   c. Mr. Jorge (FNU)

17) Plaintiff mentioned to the SGD Rep that Mr. Jorge had been employed by Defendants for far longer than Plaintiff and yet was never reprimanded for the same reason that Plaintiff was.

18) On March 2, 2024, Plaintiff was summoned by an HR representative to meet with the same individual from the Safety Guidelines Department.

19) Plaintiff was always able—since 2020—to perform his job accordingly.

20) During the March 2, 2024, meeting, Plaintiff was informed that he was being terminated due to the incident that occurred two months earlier.

21) Plaintiff was the only employee terminated for the practice of stepping, squishing, and crushing boxes.

22) On March 4, 2024, Plaintiff submitted an appeal to the company's HR department regarding his termination.

23) A phone meeting with an HR representative was initially scheduled for March 12, 2024.

24) However, Plaintiff later received an email stating that the meeting needed to be rescheduled to March 13, 2024, at 7:00 PM.

25) Plaintiff did not receive any call on March 13, 2024, as promised.

26) All conditions precedent, including the exhaustion of administrative remedies, have been met.

## COUNT I
### Race Discrimination in Violation of 42 U.S.C. § 1981

27) Throughout Plaintiff's employment, Plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times he did perform his job at satisfactory or above-satisfactory levels.

28) Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this complaint as if set out in full herein.

29) Plaintiff is a member of a protected class under § 1981.

30) By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

31) Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

32) Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

33) At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

34) Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

35) As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36) The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

37) The actions of the Defendant and/or its agents were willful, wanton, and intentional,

and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38) Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until ther Honorable Court grants relief.

39) So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a) Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b) Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and at amounts to be proved at trial for the unlawful employment practices described herein;

c) Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d) Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e) Award Plaintiff the costs of their action, together with a reasonable attorney fees; and

f) Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: Friday, October 17, 2025        Respectfully submitted,

                                         /s/ Elvis J. Adan
                                         Elvis J. Adan, Esq.
                                         Fla. Bar No.: 24223
                                         GALLARDO LAW OFFICE, P.A.
                                         8492 SW 8th Street
                                         Miami, Florida 33144
                                         Telephone: (305) 261-7000